UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:16-cv-60473-JEM

DENISE PAYNE, individually,

    Plaintiff,

vs.

LYHY FOOD CORP., d/b/a PRICE CHOICE
FOOD MARKET NO. 3, a Florida corporation,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

The Parties, through respective counsel, have met and hereby jointly file their Joint Scheduling Report in accordance with Local Rule 16.1 and this Court's Order [DE 5] dated March 18, 2016:

**(1)  Likelihood of Settlement:**

The parties believe that there is a reasonable likelihood of settlement. The parties will immediately advise the Court of any settlement they reach.

**(2)  Likelihood of Appearance of Additional Parties:**

Unlikely.

**(3)  Proposed Limits on Time:**

    **(i)  To join other parties and to amend pleadings:**

    June 10, 2016

    **(ii)  To file and hear motions:**

    November 18, 2016 (dispositive motions and *Daubert* motions, if any)

    January 6, 2017 (motions in limine)

*Payne v. LYHY Food Corp.*
Case No.: 0:16-cv-60473-JEM
Page 2 of 6

**(iii)**    **To complete discovery:**

| | |
|---|---|
| Jun. 27, 2016 | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| Jul. 5, 2016 | The Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| Jul. 8, 2016 | The Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial. Only those witnesses listed shall be permitted to testify. |
| Jul. 29, 2016 | The Parties shall exchange rebuttal expert witness summaries and reports; as required by Federal Rule of Civil Procedure 26(a)(2). |
| Sept. 16, 2016 | The Parties shall complete all discovery, including expert discovery. |
| Sept. 23, 2016 | The Parties shall select a mediator. |
| Oct. 14, 2016 | The Parties shall file all dispositive pre-trial motions and memoranda of law, including any motions to exclude expert testimony based on Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). |
| Nov. 23, 2016 | The Parties shall complete mediation and file a mediation report with the Court. |
| Dec. 9, 2016 | The Parties shall file all remaining Pretrial Motions with associated Memoranda of Law. |
| Dec. 23, 2016 | The Parties shall file their Joint Pretrial Stipulation. |
| Jan. 16, 2017 | The Parties shall file their proposed findings of fact and conclusions of law. |
| Jan. 20, 2017 | The Parties shall submit their deposition designations. |

*Payne v. LYHY Food Corp.*
Case No.: 0:16-cv-60473-JEM
Page 3 of 6

**(4)** **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

The Parties shall endeavor to simplify the issues through the use of Requests for Admission and Motions for Summary Judgment which will not only serve to assist in the formulation and simplification of issues, but may also eliminate certain of the claims or defenses.

**(5)** **Necessity or Desirability of Amendment to the Pleadings**

Unknown at this time.

**(6)** **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The parties reasonably anticipate that they will be able to stipulate to admissions of fact, and to the authenticity of most, if not all, documents after discovery is closed. The parties do not anticipate any need for the discovery of electronically stored information.

**(7)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The parties propose meeting in advance of trial during the Local Rule 16.1(d) conference to stipulate to the authenticity of documents, to the extent possible, and to stipulate to as many facts as possible. This should assist in eliminating the presentation of unnecessary proof and cumulative evidence at trial.

**(8)** **Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The parties consent to the referral of discovery matters only to the Magistrate Judge.

There are no known unique issues in this case that would require referral to a special master.

**(9)** **A preliminary estimate of the time required for trial.**

The parties estimate that this non-jury trial will last two (2) days.

**(10)** **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

Dec. 16, 2016    Deadline for pre-trial disclosures and meeting of counsel, pursuant to Local Rule 16.1(d).

*Payne v. LYHY Food Corp.*
Case No.: 0:16-cv-60473-JEM
Page 4 of 6

      January 13, 2017    Calendar Call.

      January 23, 2017    Beginning of two-week trial docket.

**(11)** **Any other information**

None at this time.

**(12)** **Whether the trial will be jury or non-jury.**

This matter shall be adjudicated via a non-jury trial.

**(13)** **An outline of the legal elements of each claim and defenses raised by the pleadings:**

  **(i)**  Plaintiff's Claims:

    Whether Plaintiff is wheel-chair bound, has cerebral palsy, and is disabled.

    Whether Defendant is the owner or operator (or lessor or leases from the owner) of the place of public accommodation that is the subject of this action.

    Whether certain portions of the Defendant's property are a place of public accommodation within the meaning of the Americans with Disabilities Act.

    Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act,

    Whether Plaintiff encountered any of the alleged barriers on Defendant's property,

    Whether the removal of any such barriers is required or is readily achievable,

    What standard to apply to the property in determining the level of compliance required under the ADA, whether the barrier removal standard is applicable (*see*, 28 CFR Part 36.304) or the new constitution or alteration standard (*see*, Appendix A to 28 CFR Part 36),

    Whether Plaintiff has standing to bring this action,

    Whether Plaintiff suffered discrimination under the ADA, and,

    Whether Plaintiff is likely to suffer discrimination in the future.

*Payne v. LYHY Food Corp.*
Case No.: 0:16-cv-60473-JEM
Page 5 of 6

      **(ii)**    Defendant's Defenses:

      That the non-ADA compliant conditions alleged to exist at the subject property have been corrected, such that Plaintiff's complaint is moot.

      That the Plaintiff's single entry into a place of public accommodation does not entitle her to a presumption that she was injured by any and all architectural barriers allegedly contained therein.

      That the Plaintiff's single visit to the subject property fails to demonstrate that any actual injury was sustained.

      That the Plaintiff lacks standing to sue in this action as she has not shown that she was denied access to any part of the subject property and accordingly she has not suffered an injury in fact.

      That the Plaintiff generally lacks standing to bring the subject lawsuit.

      That the improvements demanded by Plaintiff are not readily achievable pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

      That the Plaintiff's requested modifications would fundamentally alter the nature of the public accommodation.

      That the relief requested herein by Plaintiff is not justified by the economic expense required to make the requisite changes.

      That the architectural and structural changes requested by Plaintiff are not fiscally manageable under the ADA.

**(14)** **A good faith estimate of the specific dollar valuation of actual damages and other relief at issue:**

      Undetermined at this time as discovery is ongoing.

**(15)** **The need for variance from the discovery limitations imposed by Local Rules and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance.**

      None at this time.

**Joint Proposed Scheduling Order:** A joint proposed scheduling order has been sent to the Court under separate cover.

**Case Management Track:** The parties believe that a standard track is appropriate for this case.

*Payne v. LYHY Food Corp.*
Case No.: 0:16-cv-60473-JEM
Page 6 of 6

Respectfully submitted,

| | |
|---|---|
| **/s/ Daniel Espinosa, Esq.** | **/s/ Evan A. Zuckerman, Esq.** |
| Daniel Espinosa, Esq. | Evan A. Zuckerman, Esq. |
| Florida Bar No.: 81686 | Florida Bar No.: 52974 |
| Espinosa Law Group | Vernis & Bowling of Broward, P.A. |
| 10625 N. Kendall Dr. | 5821 Hollywood Blvd., First Floor |
| Miami, FL 33176 | Hollywood, FL 33021 |
| Tel.: (305) 655-1501 | Tel: (954) 927-5330 |
| Email: despinosa@espinosalawgroup.com | Email: ezuckerman@florida-law.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on June 6, 2016 on all counsel or parties of record on the Service List below.

**/s/ Evan Zuckerman, Esq.**

## SERVICE LIST

| | |
|---|---|
| Daniel Espinosa, Esq. | Carlton A. Bober, Esq. |
| despinosa@espinosalawgroup.com | CBober@Florida-Law.com |
| Espinosa Law Group | Vernis & Bowling of Broward, P.A. |
| 10625 N. Kendall Dr. | 5821 Hollywood Blvd., First Floor |
| Miami, Florida 33176 | Hollywood, FL 33021 |
| Telephone: (305) 655-1501 | Telephone: (954) 927-5330 |
| Attorney for Plaintiff | Attorney for Defendant |
| | |
| Federico Dumenigo, Esq. | Evan A. Zuckerman, Esq. |
| fdumenigo@espinosalawgroup.com | EZuckerman@Florida-Law.com |
| Espinosa Law Group | Vernis & Bowling of Broward, P.A. |
| 10625 N. Kendall Dr. | 5821 Hollywood Blvd., First Floor |
| Miami, Florida 33176 | Hollywood, FL 33021 |
| Telephone: (305) 655-1501 | Telephone: (954) 927-5330 |
| Attorney for Plaintiff | Attorney for Defendant |

**Pretrial Deadlines and Trial Date**

**DATE**
month/day/year

| Date | Deadline |
|---|---|
| June 10, 2016 | Joinder of Additional Parties and motions for class certification. |
| June 27, 2016 (P) / July 5, 2016 (D) | Parties shall exchange expert witness summaries and reports. |
| July 8, 2016 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| July 29, 2016 | Parties exchange rebuttal expert witness summaries and reports. <u>Note</u>: These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers (if a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of Attachment A). |
| September 16, 2016 | All discovery, including expert discovery, shall be completed. |
| September 23, 2016 | A mediator must be selected. |
| October 14, 2016 | All summary judgment, *Daubert*, and other dispositive motions must be filed. A **minimum of eight (8) weeks** is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.** |
| November 23, 2016 | Mediation shall be completed. |
| December 9, 2016 | All Pretrial Motions and Memoranda of Law must be filed. |
| December 23, 2016 | Joint Pretrial Stipulation must be filed. |
| January 16, 2017 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| January 20, 2017 | Deposition designations must be filed. |
| January 23, 2017 | Beginning of Trial Period. |
| _____ | Additional deadlines (please specify). |

[Attachment A]

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number:  16-60473-CIV-MARTINEZ-GOODMAN

DENISE PAYNE, individually,

    Plaintiff,

vs.

LYHY FOOD CORP., d/b/a PRICE CHOICE FOOD
MARKET NO. 3, a Florida corporation,

    Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs — Yes ___ No  X
2. Motions for Attorney's Fees — Yes ___ No  X
3. Motions for Sanctions — Yes ___ No  X
4. Motions to Dismiss — Yes ___ No  X
5. Motions for Summary Judgment — Yes ___ No  X
6. Discovery — Yes  X  No ___
7. Other (specify) _____

6/9/16      /s/ Daniel Espinosa, Esq.
(Date)      (Signature--Plaintiff's Counsel)

6/9/16      /s/ Evan A. Zuckerman, Esq.
(Date)      (Signature--Defendant's Counsel)

[Attachment D]